**FILED**

**NOV 14 2025**

Prepared by the Court:

PETER A. BOGAARD, J.S.C.
JUDGE'S CHAMBERS
MORRIS COUNTY COURTHOUSE

| | |
|---|---|
| CATHERINE WAKEFIELD, | : SUPERIOR COURT OF NEW JERSEY |
| | : CHANCERY DIVISION – FAMILY PART |
| | : COUNTY OF MORRIS |
| Plaintiff, | : DOCKET NO.: FM-14-1332-19 |
| V. | : |
| | : **AMENDED** |
| JONATHAN B. WAKEFIELD, | : **FINAL JUDGMENT OF DIVORCE** |
| | : |
| Defendant. | : |

**THIS MATTER** having had trial dates on 4/14/2025, 4/15/2025, 4/16/2025, and 6/16/2025, along with the Court conducting multiple other conferences with the parties, before the Honorable Peter A. Bogaard, in the presence of Catherine Wakefield, Plaintiff, pro se, and Jonathan B. Wakefield, Defendant, pro se; and the Court having heard and considered the Complaint and proofs; and, it appearing that the Plaintiff and the Defendant were legally married to one another in a religious ceremony on 11/7/1995; and, it further appearing that four (4) children were born of the marriage; namely, Will Wakefield, born ████ Elizabeth Wakefield, born ████ Thomas Wakefield, born ████ and Andrew Wakefield, born ████ and it further appearing that the Plaintiff has been a bona fide resident of this State for more than one (1) year next preceding the commencement of this action; and jurisdiction having been acquired over the Defendant pursuant to the rules governing the Court; and it further appearing that the Plaintiff, having pled and proved a cause of action for divorce against the Defendant, under the statute in such case made and provided; and the court having entered a Final Judgment of Divorce on 10/21/2025 and having placed its decision regarding all issues attendant to the divorce on the record on 11/13/2025, and for good cause shown;

IT IS on this **14th** day of **November 2025**,

**HEREBY ORDERED AND ADJUDGED** by virtue of the power and authority of this Court and the acts of legislature in such case made and provided, that the Plaintiff and the Defendant are divorced from the bonds of matrimony, and the parties are freed and discharged from the obligations thereof; and it is further **ORDERED**

1. That in light of the 10/14/2025 Order of the Hon. Philip Bentley (Case No. 25-11995 (PB)), the Court will continue to defer ruling on the disposition of marital property that constitutes property of the marital estate.

2. That in light of the court entering a Final Judgement of Divorce on 10/21/2025, the Defendant shall no longer be required to provide and pay for medical coverage and/or benefits for the Plaintiff.

3. That to the extent the Defendant's cooperation is needed to allow the Plaintiff to apply for COBRA benefits, he shall so cooperate.

4. That to the extent either parent has the ability to claim one of the children as a dependent for tax or other purposes, only the father will be able to do so.

5. The two (2) youngest children, Grayson and Andrew, are not emancipated at this time. Both children have been living with their father for over 4.5 years, during which time no child support has been provided from the plaintiff/mother to the defendant/father. Despite this, the Court declines to order the plaintiff to provide financial support to the defendant for the benefit of the children for the reasons stated on the record.

5a. The father shall advise the Court if either Grayson or Andrew are still attending school on a full-time basis and if so provide proof of same.

6. The defendant/father shall be solely responsible for all IRS related tax liens, along with any state tax liens such as the one with the New York State taxing authority.

7. Defendant shall continue to be solely responsible (as between himself and the plaintiff) for all costs and expenses involving the children, including all costs and expenses related to their attendance at college, with the understanding that the children will apply for available loans, grants and scholarships.

8. Neither side is required to contribute to the counsel fees of the other party.

9. Through his tax attorney at Cole Schotz, defendant shall provide an update to the Court of the status of his ongoing discussions with the IRS. This letter should set forth whether or not a resolution has been reached, and what is the deficiency amount being sought by the IRS.

10. Effective 12/5/25, the defendant shall pay open durational alimony of $8,000.00/month to the plaintiff through the Morris County Probation Department. Defendant retains the right to petition the Court to end his alimony obligation in the future in the event of changed circumstances, such as retiring in good faith after reaching the standard retirement age of 67.

10a.   In order to secure this obligation, Defendant will need to obtain a life insurance policy naming Catherine Wakefield as the beneficiary for at least $500,000.00

10b.   Defendant shall advise the Court in writing of any and all life insurance policies currently in place involving himself, listing beneficiaries, amount of coverage and providing the Declaration page. The Court reserves the right to amend this paragraph after receiving same.

11. Effective 12/5/25, the plaintiff shall be responsible for paying all carrying costs for the New York condo. In light of her pending bankruptcy matter and the resultant limited stay that is in place, the Court will not Order the plaintiff to cooperate with respect to listing the condo for sale. In the event that the plaintiff fails to make timely payments towards the costs of the condo, in particular related to taxes and the HOA fee, the defendant may need to intervene in the bankruptcy matter and petition that Court to allow the New York condo to be sold. Until 12/5/25, the defendant must maintain the status of quo of paying $5,800.00/month in support, plus covering other monthly costs that amount to approximately $2,700.00/month.

12. The defendant must supply the Court with a copy of his current employment contract if same exists, and must also provide the Court with any and all information in his possession regarding any bonus he has received in 2025.

13. The Court appoints Brian Corcoran of BTC Consulting (Brian Corcoran, CFP 973-257-5020) to conduct a targeted evaluation of the assertion that the defendant has improperly transferred or dissipated marital assets. All communication with Mr. Corcoran at least initially shall go through the Court and at this time the defendant alone shall compensate Mr. Corcoran for his services. The main area of inquiry for Mr. Corcoran shall be to track the account values as listed in the initial CIS's to the present to determine if the defendant (who had primary if not sole control of those assets during the pendency of the divorce) can sufficiently account for what happened to those assets as the divorce matter dragged on. All parties are to cooperate with the review by Mr. Corcoran, including the family members of the parties in the event same is deemed necessary by Mr. Corcoran.

13a. In light of Defendant representing that in 2025 he received a net bonus of $74,000.00, he may utilize those monies to provide a $10,000.00 retainer to Mr. Corcoran.

13b. Neither party may communicate directly with Mr. Corcoran without the express permission of the Court. The likely progression in this area is that the Court will direct the Defendant to provide various documents to the Court, and/or the Court will utilize the documents already submitted, and same will then be submitted to Mr. Corcoran for review.

14. Any and all pending motions are **DENIED as MOOT,** in light of the Amended Final Judgment of Divorce being entered by the Court.

_____
**Honorable Peter A. Bogaard, J.S.C.**