BRONSON LAW OFFICES PC
*Counsel for the Debtor*
480 Mamaroneck Avenue
Harrison, NY 10528
914-269-2530
H. Bruce Bronson, Esq.
hbbronson@bronsonlaw.net

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

In re:                                                      Case No. 25-11995 (SHL)

    Catherine Wakefield,                         Chapter 13

                     Debtor.

---------------------------------------------------------x

# LIMITED OBJECTION TO MOTION OF JONATHAN WAKEFIELD SEEKING TO VACATE THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1)

      Catherine Wakefield (the "Debtor"), by her counsel, Bronson Law Offices, P.C., as and for her limited objection to the motion ("Motion") by Jonathan Wakefield (the "Movant") seeking an order lifting the automatic stay pursuant to 11 U.S.C. § 362(d), and in support thereof respectfully states as follows:

1. On September 12, 2025, the Debtor filed a voluntary petition *pro se* under Chapter 13 of the United States Bankruptcy Code [ECF No.1]

2. On September 26, 2025, the Debtor filed an Emergency Motion to Impose the Automatic Stay pursuant to 11 U.S.C. §362(a) [ECF No.14]. This motion was also filed *pro se*.

3. The Court held a hearing on the motion on October 10, 2025. On October 14, 2025, the Court issued an Order Concerning the Scope of the Automatic Stay and Other Matters [ECF No.24] (the "Order").

4. On the same date, after the entry of this Order, Movant filed a motion to lift the automatic stay [ECF No. 25].

5. The Debtor files this limited objection to this *pro se* motion to clarify that the Debtor does not object to the relief sought to the extent that relief is limited in accordance with the applicable case law, so that any distribution of property of the Debtor's estate takes place in this Bankruptcy Court. to conclusion and the entry of judgment, but with enforcement of the judgment with respect to any property distribution from the Debtor's estate to take place in this Court. *In re Kalsi*, No. 20-10330 (MG), 2020 Bankr. LEXIS 912, (Bankr. S.D.N.Y. Mar. 31, 2020).

6. The Debtor has no objection to the Bankruptcy Court lifting or modifying the stay for the reason provided for in the Court's October 14th Order. Additionally, to the extent it appears that there is cause pursuant to the *Sonnax* factors to lift the stay to allow for the judgment equitable distribution of assets the Debtor, the Debtor does not object. *Id.*

7. However, in so far as Movant's Motion is not entirely clear if it is seeking distribution of property of the Debtor's bankruptcy estate by the Superior Court of New Jersey, the Debtor objects based on the precedent in this jurisdiction and seeks to have the Bankruptcy Court retain sole jurisdiction to enforce any judgments with respect to the property of the estate within the context of this bankruptcy case. *Id*.

**WHEREFORE**, the Debtor respectfully requests that should the Court determine that cause exists to lift the stay this Court enter an order lifting the stay to allow for equitable distribution to conclusion and the entry of judgment, but with enforcement of the judgment with

2

respect to any property distribution from the Debtor's estate to take place in this Court; and grant such other and further relief as the Court deems just and proper.

Dated: Harrison, New York
      November 24, 2025

Respectfully submitted,

BRONSON LAW OFFICES PC

By: /s/*H. Bruce Bronson, Esq.*
    H. Bruce Bronson