**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

CATHERINE WAKEFIELD,

          Debtor.

Case No. 25-11995-jpm
Chapter 13

## OBJECTION BY ZIEGLER LAW GROUP, LLC
## TO THE DEBTOR'S CHAPTER 13 PLAN

    Ziegler Law Group, LLC ("Ziegler"), creditor of Catherine Wakefield, the Chapter 13 debtor (the "Debtor"), by and through its counsel, McManimon, Scotland & Baumann, LLC, hereby files this objection to the Debtor's Chapter 13 Plan (the "Plan") [ECF 53], and respectfully states as follows:

    1.    On September 12, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). ECF 1.

    2.    On November 17, 2025, Ziegler filed Proof of Claim No. 6 ("Ziegler's Claim") in the Debtor's bankruptcy case, asserting the Debtor owes $163,877.13 in pre-petition legal fees. See Claim 6. Ziegler's Claim is supported by an April 12, 2024, Order of the Superior Court of New Jersey, Chancery Division, Family Part (the "Family Court Order"),[1] which awarded Ziegler an attorney's charging lien in the amount of $125,341.96. Id. Accordingly, Ziegler's Claim is bifurcated into (i) a secured portion of $125,341.96 pursuant to the Family Court Order, and (ii) an unsecured portion of $38,535.17. Id.

    3.    On January 14, 2026, the Debtor filed her Plan. ECF 53. Notably, Part 3 of the Plan omits claims secured by personal property, which should include the secured portion of Ziegler's

---

[1] The Family Court Order is attached to Ziegler's Claim. See Claim 6. Claim 6 is attached as Exhibit A.

Claim regarding the amounts owed for the charging lien under the Family Court Order. See Plan, pgs. 2-4; see also Claim 6.

**REASONS FOR OBJECTION**

4. The Debtor's Plan is unconfirmable because it fails to provide required treatment of the secured portion of Ziegler's Claim, pursuant to the pre-petition attorney charging lien in the Family Court Order. See Claim 6.

5. N.J.S.A. § 2A:13-5 provides that an attorney "shall have a lien for compensation upon the client's action, claim or cause of action." Charging liens are "rooted in equitable considerations, and [a charging lien's] enforcement is within the equitable jurisdiction of the courts." Musikoff v. Jay Parrino's The Mint, L.L.C., 172 N.J. 133, 142 (2002) (citations omitted). "The attorney's lien under N.J.S.A. § 2A:13–5 is created at the time of the commencement of services in the case by the attorney." In re Smith, 263 B.R. 71, 78 (Bankr. D.N.J. 2001) (citations omitted). "An attorney's charging lien relates back to the date the lien was created." Id. "Thus, since the Friedman firm commenced the action against Allstate before the debtor's bankruptcy petition was filed, the firm's charging lien was created prepetition and relates back to the date of the filing of the complaint." Id., 263 B.R. at 79.

6. "Although New Jersey case law requires service of a pre-action notice as a condition precedent to an action on an attorney's lien, [] that requirement relates to enforcement of the lien, *not perfection of it*. Id. (emphasis added). "N.J.S.A. 2A:13–5 [n]or any other New Jersey statute or rule require that an attorneys lien must be perfected." Id. Moreover, "[b]ankruptcy courts have held that where state law provides that the effective date of an attorney's lien relates back to the commencement of the attorney's services, § 546(b) protects the attorney's lien from being avoided by the trustee." Id., 263 B.R. at 80. "The attorney need not file or record a charging lien in order to perfect it[] [t]he lien takes effect from the time the services were commenced, and a

2

trustee in a subsequent bankruptcy case involving the client takes the property or fund for the estate subject to such lien." In re 9 Stevens Cafe, Inc., 161 B.R. 96, 98 (Bankr. S.D.N.Y. 1993) (citations omitted). "It is well settled that, to the aforementioned extent, the charging lien survives bankruptcy." In re E. C. Ernst, Inc., 4 B.R. 317, 320 (Bankr. S.D.N.Y. 1980). Thus, the pre-petition Family Court Order expressly granting Ziegler an attorney's charging lien pursuant to N.J.S.A. § 2A:13-5 in the amount of $125,341.96, which establishes a secured claim that must be afforded proper treatment in the Debtor's bankruptcy case. See Claim 6.

7. Pursuant to paragraph 3 of the Family Court Order, Ziegler "…is hereby granted an attorney's charging lien for the outstanding services and disbursements incurred on behalf of Plaintiff, in the sum of $125,341.96, which lien shall attach to any settlement decision, award, judgment, proceeds, assets or final order in which Plaintiff may derive an interest in connection with the above-entitled cause or any non-child support related proceeds from any bankruptcy petition, and the proceeds thereof in whomever's hands they may come, including without limitation the parties and their respective counsel…" See Family Court Order, ¶ 3.

8. Consequently, because the charging lien established by the Family Court Order is a perfected lien and predates the Petition Date, the secured portion of Ziegler's Claim must be treated as a secured claim under 11 U.S.C. § 506(a). Accordingly, the secured portion of Ziegler's Claim must receive proper treatment under 11 U.S.C. §§ 1325(a)(1) and 1325(a)(5), which require the Plan to comply with the Bankruptcy Code and to provide appropriate treatment of secured claims, including lien retention and payment of the secured amount. Under 11 § 1325(a)(5), a debtor must either (a) obtain the secured creditor's acceptance of the plan, (b) pay the secured claim in full with interest while allowing the creditor to retain its lien, or (c) surrender the collateral securing the claim. The Plan fails to satisfy any of these requirements. See 11 U.S.C.

3

§§ 1325(a)(1), (a)(5). Despite the existence of a perfected charging lien in the Family Court Order, Part 3 of the Plan fails to account for the secured portion of Ziegler's Claim. See Plan, pgs. 2-4.

9. Additionally, the Debtor had notice of the Family Court Order outlining the secured portion of Ziegler's Claim yet elected to disregard the secured status of the charging lien under 11 U.S.C. § 506(a). See Plan, pgs. 2-4. Such omission under the Plan further raises concerns regarding good faith under 11 U.S.C. § 1325(a)(3). Additionally, as represented in the Debtor's Schedule I on the Petition, as amended, and statements of current monthly income, her income is insufficient to cover Ziegler's Claim. ECF 1, 13, 52. Due to the Debtor's income as represented, the Plan is further rendered unconfirmable because she cannot feasibly satisfy Ziegler's Claim within the sixty (60) month maximum Plan terms while also covering her ordinary course living expenses, which her current income does not adequately support. See Plan, pg. 2.

10. For these reasons, the Plan cannot be confirmed unless and until it is amended to properly classify and treat Ziegler's Claim in accordance with the Bankruptcy Code as established above.

**WHEREFORE**, Ziegler hereby objects to confirmation of the Debtor's Plan and seeks an Order of this Court denying confirmation of the Plan for the reasons set forth herein and granting such other and further relief as this Court deems just and proper.

                                                **McMANIMON, SCOTLAND**
                                                **& BAUMANN, LLC**
                                                *Counsel to Ziegler Law Group, LLC*

Dated: February 19, 2026                            By: */s/ Sari B. Placona*
                                                          Sari B. Placona

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor 1  Catherine Wakefield

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court  **Southern District of New York**

Case number: **25–11995**

FILED
U.S. Bankruptcy Court
Southern District of New York
11/17/2025
**Vito Genna, Clerk**

# Official Form 410
## Proof of Claim

04/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

| | | |
|---|---|---|
| 1. Who is the current creditor? | ZIEGLER LAW GROUP LLC | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |

| 2. Has this claim been acquired from someone else? | ☑ No  ☐ Yes. From whom? |
|---|---|

| 3. Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** ZIEGLER LAW GROUP LLC  Name  651 OLD W MT PLEASANT AVE  LIVINGSTON NJ 07039  Contact phone  9735331100  Contact email  limor@zlgllc.com  Uniform claim identifier (if you use one): | **Where should payments to the creditor be sent?** (if different)  Name  Contact phone  Contact email |
|---|---|---|

| 4. Does this claim amend one already filed? | ☑ No  ☐ Yes. Claim number on court claims registry (if known) _____  Filed on _____ MM / DD / YYYY |
|---|---|

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No  ☐ Yes. Who made the earlier filing? |
|---|---|

Official Form 410                            Proof of Claim                                page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
|---|---|
| 7. How much is the claim? | $ 163877.13     **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>LEGAL SERVICES RENDERED |
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☑ Other. Describe: Proceeds to Debtor under FM–14–1332–19<br><br>**Basis for perfection:** April 12, 2024 Order<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ 125341.96<br>**Amount of the claim that is unsecured:** $ 38535.17   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ 163877.13<br><br>**Annual Interest Rate** (when case was filed)   0 %<br>☑ Fixed<br>☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410            Proof of Claim            page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   11/17/2025
MM / DD / YYYY

/s/ LIMOR HARTHMAN

Signature

Print the name of the person who is completing and signing this claim:

Name: LIMOR HARTHMAN
First name   Middle name   Last name

Title: CONTROLLER

Company: Ziegler Law Group llc

*Identify the corporate servicer as the company if the authorized agent is a servicer*

Address: 651 W Mount Pleasant Ave
Number   Street
Livingston, NJ 07039
City   State   ZIP Code

Contact phone: 9735331100   Email: Limor@zlgllc.com

Official Form 410                        Proof of Claim                        page 3



**ZIEGLER LAW GROUP LLC**

651 OLD MT PLEASANT AVE
SUITE 150
LIVINGSTON NJ 07039

# Statement

| Date |
|---|
| 11/14/2025 |

| To: |
|---|
| Catherine Wakefield |

| Phone # 973-533-1100 |
|---|

| Amount Due | Amount Enc. |
|---|---|
| $163,877.13 | |

| Date | Transaction | Amount | Balance |
|---|---|---:|---:|
| 12/31/2021 | Balance forward | | 0.00 |
| 01/31/2022 | PMT #consult ops ZRE. | -510.00 | -510.00 |
| 02/07/2022 | PMT #Retainer. | -7,500.00 | -8,010.00 |
| 02/07/2022 | PMT #2 x $915 Retainer. | -915.00 | -8,925.00 |
| 02/07/2022 | PMT #Retainer. | -915.00 | -9,840.00 |
| 02/08/2022 | PMT #Retainer bal $2500. | -670.00 | -10,510.00 |
| 02/08/2022 | INV #26892. | 510.00 | -10,000.00 |
| 02/16/2022 | PMT #Retainer wire. | -12,500.00 | -22,500.00 |
| 03/04/2022 | INV #27048. | 18,704.00 | -3,796.00 |
| 04/04/2022 | INV #27650. | 34,055.00 | 30,259.00 |
| 04/18/2022 | PMT # Trust email confirm. | -12,500.00 | 17,759.00 |
| 05/04/2022 | INV #27971. | 42,286.00 | 60,045.00 |
| 06/03/2022 | INV #28274. | 9,255.00 | 69,300.00 |
| 07/05/2022 | INV #28669. | 9,917.50 | 79,217.50 |
| 08/03/2022 | INV #29176. | 13,136.32 | 92,353.82 |
| 08/04/2022 | INV #29446. | 303.29 | 92,657.11 |
| 09/07/2022 | INV #29783. | 15,055.00 | 107,712.11 |
| 10/04/2022 | INV #31087. | 13,833.85 | 121,545.96 |
| 11/03/2022 | INV #31366. | 14,734.87 | 136,280.83 |
| 12/06/2022 | INV #31607. | 17,066.30 | 153,347.13 |
| 01/05/2023 | INV #31759. | 10,530.00 | 163,877.13 |
| 02/06/2023 | INV #32008. | 0.00 | 163,877.13 |
| 03/07/2023 | INV #00138. | 0.00 | 163,877.13 |
| 06/06/2023 | INV #00772. | 0.00 | 163,877.13 |
| 10/04/2023 | INV #01538. | 0.00 | 163,877.13 |
| 11/02/2023 | INV #01781. | 0.00 | 163,877.13 |
| 01/08/2024 | INV #02195. | 0.00 | 163,877.13 |
| 02/06/2024 | INV #02398. | 0.00 | 163,877.13 |
| 04/02/2024 | INV #02803. | 0.00 | 163,877.13 |
| 05/08/2024 | INV #03083. | 0.00 | 163,877.13 |
| 04/04/2025 | INV #06919. | 0.00 | 163,877.13 |
| 05/06/2025 | INV #07218. | 0.00 | 163,877.13 |
| 06/05/2025 | INV #07553. | 0.00 | 163,877.13 |
| 08/06/2025 | INV #08170. | 0.00 | 163,877.13 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 163,877.13 | $163,877.13 |

J-042368-25     TRANS ID: EF-3260980     FILED: 4/11/2025
FM-14-001332-19  04/12/2024  Pg 1 of 3  Trans ID: FAM2024565880

Vikki S. Ziegler-Payne, Esq. (Attorney ID# 006961999)
Michael J. Evans, Esq. (Attorney ID#007441991)
ZIEGLER LAW GROUP, LLC.
651 Old West Mount Pleasant Avenue, Suite 200
Livingston, NJ 07039
(973) 533-1100
michael@zigllc@com
Attorneys for Petitioner, Ziegler Law Group, LLC

**FILED**
APR 12 2024
JAMES A. FARBER, J.S.C.
JUDGE'S CHAMBERS

FILED
April 5, 2024
JAMES A. FARBER, J.S.C.
Retired and Temporarily Assigned on Recall

CATHERINE WAKEFIELD,
    Plaintiff,
v.
███████████████,
    Defendant.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION: FAMILY PART
MORRIS COUNTY
DOCKET NO. FM-14-1332-19

Civil Action

**ORDER**
**CORRECTED ORDER**

THIS MATTER, having been opened to the Court by ZIEGLER LAW GROUP, LLC., (Michael J. Evans, Esq., *appearing*), Petitioner, upon a Notice of Motion, with notice to Plaintiff, Catherine Wakefield, and with notice to Defendant, ███████████, self-represented, for opposition having been filed by both who were heard at oral argument relief pursuant to R. 4:23-2 and for the imposition of an attorneys' charging lien; and it appearing that proper notice having been provided to all interested parties; and good cause having been shown; and for reasons on the record.

Corrected 4/12/24

IT IS on this 5 day of April, 2024, ORDERED as follows:

1. PURSUANT TO R. 4:23-2, BASED UPON PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER OF DECEMBER 18, 2023, PLAINTIFF'S OPPOSITION TO PETITIONER'S REQUEST FOR AN ATTORNEYS' CHARGING LIEN AND OTHER RELIEF IS HEREBY STRICKEN;

FM-14-001332-19   04/12/2024   Pg 2 of 3   Trans ID: FAM2024565880

2. ZIEGLER LAW GROUP, LLC., may apply the sum of $3,796, i.e., the remaining sum currently being held on behalf of Plaintiff, toward Plaintiff's outstanding balance owed to the Firm. *Denied*

3. Petitioner, ZIEGLER LAW GROUP, LLC., is hereby granted an attorney's charging lien for the outstanding services rendered and disbursements incurred on behalf of Plaintiff, in the sum of $125,341.96, which lien shall attach to any settlement decision, award, judgment, proceeds, assets or final order in which Plaintiff may derive an interest in connection with the above-entitled cause or any non-child support related proceeds from any bankruptcy petition, and the proceeds thereof in whomever's hands they may come, including without limitation, the parties and their respective counsel, pursuant to N.J.S.A. 2A:13-5, Levine v. Levine, 381 N.J. Super 1 (App. Div. 2006), Shaitt v. Shaitt, 323 N.J. Super. 351, 732 A.2d. 1152 (Ch. Div. 1999), and H & H Ranch Homes, Inc. v. Smith, 54 N.J. Super. 347, 148 A.2d. 837 (App. Div. 1959).

4. The parties and their present and any succeeding attorneys, fiduciaries, agents and representatives, are hereby enjoined and restrained from dissipating, hypothecating, transferring or otherwise adversely effecting Petitioner's aforesaid lien (in part or in whole), which shall contain and attach to any proceeds or property in which Plaintiff may have or derive an interest as a result of the above-entitled cause.

5. Any proceeds, payouts, equitable distribution or assets that Plaintiff has, or may receive, as a result of the above-entitled cause up to the aforesaid sum of $121,545.96 with interest shall be held in escrow by ZIEGLER & RESNICK until such time as the parties agree or the Court determines whether all or any part of same shall be distributed to ZIEGLER LAW GROUP, LLC.

2

FM-14-001332-19  04/12/2024  Pg 3 of 3  Trans ID: FAM2024565880

6. Defendant, his fiduciaries, agents and representatives who shall include his attorney or succeeding attorney(s) and any other person or entity that receive Plaintiff's entitlements shall promptly and timely notify ZIEGLER LAW GROUP, LLC., of any financial resolution or payment from any source to Plaintiff.

7. A copy of this Order shall be served on all interested parties within seven (7) days of the date same is received by the submitting party.

HON. JAMES A. FARBER, J.S.C. (retired on recall)

April 12, 2024

3